## ISAAC BURHANS *versus* ABNER REYNOLDS
### January 19, 1838

O. Hawkins, attorney for plaintiff in certiorari.
J. Kingsley, attorney for defendant in certiorari.

[INDORSEMENT]

Isaac Burhans Plf. in Error
vs—
Abner Reynolds Deft Er.

[OPINION]

| | |
|---|---|
| Isaac Burhans <br> vs— <br> Abner Reynolds | Sup. Ct. Sec$^d$ Cir. Jan. Tr. 1838. |

Certio. to Justice of the Peace.

1. By return of Justice, it appears that the parties some years since entered into an agree$^t$ to work together on Burhans land, in clearing & raising grain—were to continue to work there, *three* or six years— and were to divide all grain raised, equally between them—That the parties went on under s$^d$ agree$^t$ until they had cleared twenty eight acres of land—about one & half years—

That Reynolds performed other labor for Burhans in erecting log houses & upon the highway—

Disagreements arose between the parties, and the contract to clear land &$^c$ together, was abandoned  Reynolds then brought his action against Burhans to recover pay for his labor in clearing the land together with other services performed by himself & boys for Burhans, and for money lent Burhans—Reynolds declared in gen$^l$ indebitatus Assumpsit for work & labor, & money lent—

Burhans plead gen$^l$ issue & gave notice of set off

The cause was tried by jury in May 1834.

Counsel of Burhans insisted & requested court to charge the jury, that, it appeared in evidence that the labor performed by Reynolds was done under a special agree$^t$—and that he could not recover upon the Common Counts should have declared on special agree$^t$

Justice refused so to charge the jury—

After the cause was submitted to jury & they had retired —the justice was sent for by jury, and his opinion asked, upon a point of evidence—viz: Whether they could allow

Burhans anything for corn & wheat which Reynolds had rec[d]
Justice told jury "that inasmuch as Burhans did prove that
Reynolds had one half the crops they were bound by their
oath to allow him for the same according to the testimony
given them in Court"

Jury returned a verdict of $129.60—
Remititer [Remittitur] was entered by Reynolds to $29.60
—Judg[t] rendered for $100—
To these proceedings, two objections are urged—

1. That, inasmuch as it appeared on the trial that the labor
of Reynolds was performed under special agree[t] should have
declared upon it—cannot recover in the gen[l] counts—

2. That the Justice erred in going into jury room & giving
his opinion in a matter of fact, after cause was submitted—

It is a general rule of law, that when labor is performed,
under a special agreement the terms of which at the time of
action brought, subsist in full force, a recovery cannot be
had under the Common Counts—the party performing the
labor, cannot waive the contract & resort to to an implied
assumpsit—the special agree[t] should be set forth in the
declaration, that the Deft. may be apprised of the contract
he is charged with violating, and may have an opportunity
to shew the want of performance, on the part of the Plf. of
those stipulations, which may have been the consideration
of the promise made by the Deft. But if the terms of a special
agree[t] have been fully performed on part of the Plf. or if
the contract be rescinded by mutual consent, after part
performance by Plf.—he may recover the value of the work,
in an action of gen[l] indeb. Assumpsit, and need not set forth
the special contract—

In this case it is insisted by Plf. in Error, that there was a
subsisting contract, between the parties, under which the
labor was performed—

Deft. in Error, contends that the contract was mutually rescinded & abandoned by both parties—

The testimony returned by the justice is so contradictory & uncertain, that it is difficult to determine, what the precise facts of the case were, and we deem it unnecessary to decide upon this point, inasmuch as the case may be determined on the other point made by the Plf. in Error, which we think free from all difficulties.

—The justice committed manifest error, in directing the jury, as to matters of fact, after the cause was submitted to them by the parties—In justice's Courts, the jury are judges of the law as well as of facts, and the justice had no authority, whatever, after the cause was submitted, to direct the jury how to find—we think it would be dangerous to tolerate such a practice—

It was urged in argument at bar, that what was said to the jury, by the Justice was in favor of the Plf. in Error, & that therefore he cannot take exceptions to it—but that was well answered by Plfs. Counsel, "that the jury might not have agreed upon a verdict, at all, against the Plf. but for the direction of the justice—

The judg$^t$ of the justice must be reversed & the Plf. in Error recover his costs—